same proportion of the part of the fund saved as it bound of the original fund—say, one-fourth. If money belonging to several persons be mixed, and some of it be lost, each has a right to his *pro rata* share of the amount saved. Benjamin on Sales, 553. The principle, we think, applies to lien as well as to title. It cannot be assumed that the part of the fund upon which the lien did not rest was the part out of which the whole loss happened. Upon another trial, it will be incumbent on the jury to ascertain exactly how much of the fund in the hands of King was produced by the property which was subject to the machinist's lien; and that proportion should be kept steadily in view in dividing the remnant of the fund with other claimants, including the assignee in bankruptcy.

Judgment reversed.

---

*BROWN *vs.* THE STATE; YOUNG *vs.* THE STATE; CHAPMAN *vs.* THE MAYOR, ETC., OF MACON; HENDERSON *et al. vs.* ADAIR & BROS.; BROOKS *vs.* SAUNDERS; WARREN & HOBBS *vs.* THE SOUTHERN BANK; TANNER *vs.* TAYLOR, adm'r; MURPHY *vs.* MASLING, trustee; THE MAYOR, ETC., OF MACON *vs.* WHITEHURST; WRIGHT *vs.* SMITH *et al.*; LONG, adm'r, *et al. vs.* GARDNER, trustee; COLEMAN & NEWSOM *vs.* WARREN *et al.*

The discretion of the court below, exercised in granting or refusing a new trial, will not be controlled unless grossly abused.

---

DOZIER *vs.* OWEN *et al.*; SAWYER *vs.* SAWYER *et al.*; WIMBERLY *vs.* WIMBERLY *et al.*; MORRIS *vs.* TINKER *et al.*; WHITE *et al. vs.* THE NACOOCHEE GOLD MIN. CO.; McCALL *vs.* GUILMARTIN & CO.; CUBBEDGE, HAZELHURST & CO. *vs.* WALTON, WHANN & CO.

The discretion of the chancellor will not be controlled in the grant or

*No opinions are published in the following cases under the provisions March 2d, 1875. (R.)